<div style="float:left">Buddington<br>*v.*<br>Shearer.</div>

The jury were instructed, that the evidence was competent to show that James Shearer was a part-owner of the dog, and it was admitted only for that purpose ; and we must presume, that it was understood by the jury, that it was competent for that purpose only, and applied by them accordingly. Where evidence is given solely for the purpose of proving a fact, which, upon examination, is found to be unnecessary to be proved, and such evidence has no tendency to influence the minds of the jury upon other points, the verdict ought not to be set aside, though such evidence should not be legally competent.

*Judgment on the verdict for the plaintiff.*

---

### BERIAH W. SMITH *versus* PHINEAS F. MORRISON, Administrator, &c.

The Revised Stat. *c.* 120, § 1, providing that all actions upon judgments rendered in any court, not being a *court of record*, shall be barred unless commenced within six years next after the causes of action shall accrue, applies, as explained by *St.* 1839, *c.* 73, to an action upon the judgment of a justice of the peace.

This provision is not unconstitutional as impairing the obligation of contracts, since, as it was enacted on the 4th of November, 1835, and did not go into operation until the 1st of May, 1836, the creditor had an opportunity, in the interval, to bring his action on any such judgment, recovered more than six years before the 1st of May, 1836.

By the *St.* 1839, *c.* 73, it is enacted, that no action founded upon any judgment rendered by a justice of the peace prior to the 1st of May, 1836, shall be barred by the operation of Revised Stat. *c.* 120, § 1, " provided the same shall be commenced within two years from the passage of this act." It was *held*, that this proviso did not extend to actions pending when the act was passed, but only to such as should be commenced afterwards.

THIS was an action on a judgment recovered by the plaintiff against Matthew Donelson, the defendant's intestate, on the 27th of December, 1817, before a justice of the peace. The present action was commenced after the 1st of May, 1836, when the Revised Statutes went into operation, and before the enactment of *St.* 1839, *c.* 73. After having been brought into this Court by appeal, it was submitted to an arbitrator, who awarded, that the plaintiff should recover against the defendant

the sum of $ 50·92 and costs, unless the Court should be of opinion, that the action was barred by some statute of limitations.

*Wells* and *Davis*, for the plaintiff, to the point, that the Court would not give the Revised. Stat. *c.* 120, § 1, a retrospective operation so as to bar the present action, cited Revised Stat. *p.* 834, § 4 ; Revised Stat. *c.* 146, § 4, 5 ; *Gilmore* v. *Shuter*, 2 Levinz, 227 ; *Couch* v. *Jeffries*, 4 Burr. 2460 ; *Ashburnham* v. *Bradshaw*, 2 Atk. 36 ; *Att. Gen.* v. *Lloyd*, 3 Atk. 551 ; *Att. Gen.* v. *Andrews*, 1 Ves. sen. 225 ; 2 Coke's Inst. 292 ; *Whitman* v. *Hapgood*, 10 Mass. R. 437 ; *Somerset* v. *Dighton*, 12 Mass. R. 383 ; *Medford* v. *Learned*, 16 Mass. R. 215 ; *Dash* v. *Van Kleeck*, 7 Johns. R. 477 ; *Fairbanks* v. *Wood*, 17 Wendell, 330 ; that the Revised Stat. *c.* 120, § 1, was unconstitutional, because, as to all judgments of justices rendered more than six years previously to the day when it went into operation, the limitation took effect immediately, *Call* v. *Hagger*, 8 Mass. R. 423.

*H. G. Newcomb*, for the defendant, cited *Sayre* v. *Wisner*, 8 Wendell, 661 ; *People* v. *Supervisors of Columbia*, 10 Wendell, 363.

WILDE J. delivered the opinion of the Court. The claim of the appellant is founded on a judgment rendered by a justice of the peace in his favor, against the defendant's intestate, in the year 1817. Since the appeal to this Court the case has been submitted to a referee, and the question of law by him submitted to the Court is, whether the claim is barred by any statute of limitations.

By the Revised Stat. *c.* 120, § 1, it is provided, that all actions upon judgments rendered in any court, not being a court of record, shall be commenced within six years next after the cause of action shall accrue.

The principal question which has been discussed by the counsel is, whether a justice's court is a court of record. But taking into consideration this provision of the Revised Statutes, in connexion with the subsequent statute of 1839, *c.* 73, we have not thought it necessary to decide this abstract question. For whatever may be the requisites to constitute a court of record, in the strict legal sense, as understood in England, or

*[margin:]* Smith *v.* Morrison.

*Sept. 26th.*

*April term 1840, in Franklin.*

in this country, we are satisfied that the provision in question was intended to limit actions rendered by justices of the peace. This appears to us manifest by the *St.* 1839, *c.* 73. This act declares, that no action founded upon any judgment rendered by a justice of the peace prior to the 1st of May, 1836, shall be barred by the operation of the Revised Stat. *c.* 120, § 1, " provided the same shall be commenced within two years from the passage of this act."

Statutes *in pari materiâ* are to be taken together, like different parts of one statute, in order to ascertain the meaning of the makers ; and the power of the legislature to pass declaratory acts explanatory of former statutes, in cases like the one in question, cannot be doubted. Such declaratory statutes, it is admitted, are not to be so construed as to take away any vested right, previously acquired under a former statute, if it will admit of any other construction. But the statute of 1839 does not take away or impair any vested right ; it allows two years within which an action may be commenced, although otherwise it might be barred by the former statute. And, besides, the statute of 1839 is susceptible of but one construction. The language of it is equivalent to an express declaration, that the former statute did extend to actions on judgments of justices of the peace. The doctrine as to the effect of declaratory statutes is correctly stated in Bac. Abr. *Statute, I*3, and is supported by the cases cited. " If it can be gathered from a subsequent statute, *in pari materiâ,* what meaning the legislature attached to the words of a former statute, this will amount to a legislative declaration of its meaning and will govern the construction of the first statute." *Dash* v. *Van Kleeck,* 7 Johns. R. 487.

But it has been argued, that if the Revised Statute is to be construed so as to limit actions on judgments of justices of the peace, it is void as an unconstitutional act, impairing the obligation of contracts ; or that it is not valid, because as to all judgments of justices of the peace rendered more than six years before the 1st day of May, 1836, when the Revised Statutes went into operation, the limitation took effect immediately. The answer to this objection is, that the Revised Statutes were passed on the 4th of November, 1835, and no action

commenced before the first of May following would be barred by the statute, which is limited to actions commenced after that time, when the Revised Statutes took effect. Whether the time allowed for creditors to commence their actions was a reasonable time or not, was a question within the exclusive province of the legislature to determine.

We are therefore of opinion, that the claim of the appellant is barred, unless the case comes within the proviso of the statute of 1839. That is a remedial statute, and is to receive a liberal construction ; but the intention of the legislature must govern the construction of every statute, and the meaning must be determined by its language.

It has been argued, that it was the intention of the legislature to suspend the operation of the former statute for two years next after the passage of the statute of 1839, and if so, the proviso must extend to actions pending at the time of the passage of the act, as well as to those commenced since. But the language of the statute is not susceptible of any such construction. The words are express, that the action shall be commenced within two years from the passage of the act. It is not required expressly to be two years from and after the passage of the act ; but such is the obvious meaning. If the legislature had intended to extend the proviso to actions pending at the time of the passage of the act, some words would have been added that might express that meaning. As the proviso is worded, we think the intention was to allow a further time for certain creditors to commence their actions, but not to interpose in regard to actions then pending. And the legislature might have a good reason for not extending the proviso to actions pending, the effect of which would be to subject the defendants in such actions to the prior costs of suit, whereas, but for the law of 1839, they would be entitled to costs, according to the true meaning of the former act, as expounded by the legislature. This case, therefore, we think, does not come within the letter or the equity of the act of 1839 ; and consequently the appellant's claim is barred by the former statute.